UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:18-cv-190 |
| v. | ) | |
| | ) | |
| JDW, INC. d/b/a HE AIN'T HERE LOUNGE, | ) | |
| AMY COLLINS, and JAMES MICK | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Nautilus Insurance Company ("Nautilus"), by counsel, for its Complaint for Declaratory Judgment, states as follows:

### I.

### Parties, Venue and Jurisdiction

1.      At all times relevant, plaintiff Nautilus was an insurance company incorporated and duly authorized and existing under the laws of the State of Arizona, with its principal place of business in Scottsdale, Arizona. Pursuant to 28 U.S.C. § 1332, Nautilus is a citizen of Arizona.

2.      Defendant JDW, Inc. d/b/a He Ain't Here Lounge ("JDW") is and was at all times relevant an Indiana corporation with its principal place of business located at 2661 Decatur Street, Lake Station, Indiana 46405, making it a citizen of the state of Indiana.

3.      Defendant Amy Collins ("Collins") is a citizen and resident of the State of Indiana. Collins is a Defendant in a lawsuit filed in Lake County, Indiana Superior Court, Cause No.: 45D11-1801-CT-0013, seeking damages from her and her alleged employer, JDW (Exhibit

A, "Underlying Complaint").   Collins' principal place of employment is JDW at the above address.

4.      Defendant James Mick ("Mick") is a citizen of the State of Indiana and a resident of Lake County, Indiana; Mick is Plaintiff in a lawsuit filed in Lake County, Indiana Superior Court, Cause No.: 45D11-1801-CT-0013, seeking damages from JDW and Collins (Exhibit A, "Underlying Complaint").

5.      On or about December 3, 2017 Mick was a pedestrian outside the He Ain't Here Lounge when a vehicle operated by Herbert Foust ("Foust") struck Mick as it exited the parking lot of the lounge. (Exhibit A, Underlying Complaint, par. 8-10).  Mick alleges JDW and Collins are liable for selling or serving alcohol to Foust causing intoxication, and that the collision(s) were due to Foust's intoxication.  (Exhibit A, par. 12-15).

6.      The amount in controversy, exclusive of interest and costs of the instant matter, including the claimed damages as well as the cost and expense of any defense and indemnity, exceeds Seventy Five Thousand Dollars ($75,000.00).

7.      Pursuant to 28 U.S.C. §1332, this Court has diversity jurisdiction over this matter.

8.      Pursuant to 28 U.S.C. § 1391, venue lies in the Hammond Division of the Northern District of Indiana because all of the defendants reside or conduct business in Lake County, Indiana, the policy was issued in Lake County, Indiana, the Underlying Complaint is pending in Lake County, Indiana, and all events pertaining to this claim occurred in Lake County, Indiana.

301666683v1 1005343

## II.

### General Allegations

9.     Nautilus issued a Commercial General Liability insurance policy to JDW, Inc. d/b/a He Ain't Here Lounge under policy number NN775498 for the policy period March 19, 2017 to March 19, 2018 ("Policy").  A true and accurate copy of the Nautilus Policy issued to JDW is attached hereto as Exhibit B.

10.     It is Nautilus' position that the Nautilus Policy issued to JDW does not provide any coverage for the claims that have been or might be asserted by Mick arising out of the alleged collisions outside the He Ain't Here Lounge.

11.     According to the terms of the Nautilus Policy, attached hereto as Exhibit B, there is no coverage applicable to the claims that have been or may be made, including the Underlying Complaint filed by Mick, arising out of the allegations that JDW and/or its bartender(s) over-served patron Herbert Foust, causing his intoxication.  (Exhibit B).

12.     Furthermore, according to the terms of the Nautilus Policy, attached hereto as Exhibit B, various exclusions bar any coverage applicable to the Underlying Complaint and any claims that have been or may be made by Mick arising out of the collision and the alleged serving of alcohol, including but not limited to the "Total Liquor Liability", "All Assault or Battery" and "Unmanned Aircraft, Auto, or Watercraft" exclusion (Exhibit B).

13.     Specifically, the Underlying Complaint alleges:

   o   "Foust had been served and/or furnished alcoholic beverages by Amy Collins and/or Does 1-2 at He Ain't Here Lounge" and "Foust became visibly intoxicated"  (Exhibit A, par. 18-21).

   o   "That due to Foust's intoxication, he struck the plaintiff, James Mick." (Exhibit B, par. 24).

   o   "On said date and time Herbert Scott Foust was a driver operating a motor vehicle and was attempting to exit the parking lot of He Ain't Here

3

Lounge" when "Foust struck James Mick and slammed him into the side of the building." (Exhibit B, par. 9-10).  Foust then struck Mick a second time (Exhibit B, par. 11).

o   "That the collisions described were due to Foust's intoxication." (Exhibit B, par. 15).

14.     The Nautilus Policy includes Endorsement S009 (04/16) – Exclusion – Total Liquor Liability, which states:

**EXCLUSION - TOTAL LIQUOR LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion c. **Liquor Liability** under Paragraph **2., Exclusions of Section I-COVERAGE A. Bodily Injury and Property Damage** is **replaced** by the following:

This insurance does not apply to:

**c.      Liquor Liability**

"Bodily injury" or "property damage" for which any insured or his indemnitee may be held liable by reason of:

**(1)**     Causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because alcoholic beverages were permitted to be brought on your premises, for consumption on your premises;

**(2)**     The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)**     Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies even if the claims against any insured or his indemnitee

Allege negligence or other wrongdoing in:

(a) The supervision, hiring, employment, training or monitoring of others by that insured; or

(b) Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol

4

If the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1), (2)** or **(3)** above.

(Exhibit B, Endorsement S009) (hereinafter referred to as the "Liquor Liability Exclusion").

15.     The Liquor Liability Exclusion bars coverage for the Underlying Complaint and the allegations that involve serving alcoholic beverages to Herbert Foust causing intoxication, which in turn caused the collisions at issue.

16.     The Policy also contains endorsement L204 (07/15)- Exclusion- Unmanned Aircraft, Other Than Unmanned Aircraft, Auto or Watercraft, which provides, in relevant part, the following:

### EXCLUSION – UNMANNED AIRCRAFT, OTHER THAN UNMANNED AIRCRAFT, AUTO OR WATERCRAFT

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     Exclusion **g. Aircraft, Auto Or Watercraft** under Paragraph **2. Exclusions** of **Section I - Coverage A - Bodily Injury and Property Damage Liability** is **replaced** by the following:

**2.**     **Exclusions**

This insurance does not apply to:

**g.**     **Aircraft, Auto Or Watercraft**

* * *

**(2)**     **Aircraft (Other Than Unmanned Aircraft), Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft.     Use includes operation and "loading or

5

unloading".

This Paragraph **g.(2)** applies even if the claims against any insured alleged negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft.

This Paragraph **g.(2)** does not apply to:

**(a)** A watercraft while ashore on premises you own or rent; or

**(b)** "Bodily injury" or "property damage" arising out of:

 **(i)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or

 **(ii)** The operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment" as follows

  **(aa)** Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

  **(bb)** Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

(Exhibit B, Endorsement L204) (hereinafter referred to as the "Auto Exclusion").

6

17.     By its plain and unambiguous terms, the Policy's Auto Exclusion bars coverage for the injuries alleged in the Underlying Complaint because said injuries were allegedly the result of collisions involving the use of an auto by Herbert Foust.

18.     The Policy also contains endorsement L210, entitled Exclusion – All Assault or Battery, which provides, in relevant part, the following:

### EXCLUSION - ALL ASSAULT OR BATTERY
This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     The following exclusion is added to Paragraph **2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability, and Coverage C - Medical Payments:**

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any:

**1.**     Actual or alleged assault or battery, regardless of culpability or intent;

**2.**     Physical altercation; or

**3.**     Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.

This exclusion applies regardless of whether such actual or alleged damages are caused by any:

**1.**     Insured;

**2.**     "Employee";

**3.**     Patron; or

**4.**     Any other person; and

whether or not such damages occurred at any premises owned or occupied by any insured.

301666683v1 1005343

This exclusion applies to:

**1.**    All causes of action arising out of any assault or battery, regardless of culpability or intent, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an assault or battery or physical altercation.

**2.**    Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation; and specifically excludes from coverage claims or "suits" for:

    **a.**    Emotional distress for loss of society, services, consortium or income; or

    **b.**    Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or

**3.**    Any obligation to share damages with or repay someone who must pay damages because of the injury.

**B.**    We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery or physical altercation.

All other terms and conditions of this policy remain unchanged.

(Exhibit B, Endorsement L210) (hereinafter referred to as the "A&B Exclusion").

19.    The Underlying Complaint alleges that Mick sustained injuries as a result of being struck twice by a vehicle operated by Foust.  To the extent Mick's injuries were the product of an assault, battery or physical altercation, coverage for those injuries would be barred by the Policy's A&B Exclusion.

20.    For these and any other reasons that may become apparent, which additional reasons Nautilus reserves the right to raise, no insurance coverage is owed to Amy Collins or JDW under the Policy, and Nautilus owes no duty under the Policy to defend or indemnify Amy

301666683v1 1005343

Collins or JDW, Inc. d/b/a He Ain't Here Lounge with respect to claims and/or lawsuits arising out of the December 3, 2017 collisions alleged by Mick in the Underlying Complaint.

**III.**

**Claim for Relief**

WHEREFORE, Plaintiff, Nautilus Insurance Company, by counsel, prays for a declaration adjudging as follows:

    a.    That Nautilus owes no duty to defend or indemnify Amy Collins and JDW, Inc. d/b/a He Ain't Here Lounge, and/or any of its employees (including Amy Collins and Does 1-2), owners, incorporators or shareholders under the terms of the Nautilus Policy in response to the Underlying Complaint and any claim or lawsuit that has been or may be made or filed by James Mick arising out of the December 3, 2017 incident;

    b.    That there is no coverage under the Nautilus Policy for any claim that has been or may be made or filed by James Mick arising out of the December 3, 2017 collisions on the basis that the incident did not result in "bodily injury'' caused by an "occurrence," and/or on the basis of the Policy's "Total Liquor Liability", "All Assault or Battery" exclusion, and/or the "Unmanned Aircraft, Auto, or Watercraft" exclusion; and

    c.    That Nautilus is entitled to costs and all other just and proper relief.

301666683v1 1005343

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By:  <u>s/ Scott B. Cockrum</u>
      Scott B. Cockrum (20840-45)
      Attorneys for Plaintiff NAUTILUS
      INSURANCE COMPANY
      322 Indianapolis Blvd., Suite 201
      Schererville, IN 46375
      Phone No.: 219-864-5051
      Fax No. 219-864-5052
      E-mail Address: scockrum@hinshawlaw.com

301666683v1 1005343